

IN THE
TENTH COURT OF APPEALS

No. 10-16-00096-CR

EX PARTE KELLY MARIE OLDNER

From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. M201202002

## ABATEMENT ORDER

The reporter's record in this post-conviction habeas appeal was filed on April 7, 2016. The Clerk of the Court has learned that there may be an inaccuracy pertaining to the status of the appellate record of the underlying criminal proceeding as an exhibit in this appeal.

The reporter's record of the March 16, 2016 hearing reflects that the trial court took judicial notice of that entire record (a one-volume clerk's record and a five-volume reporter's record), that Appellant's counsel had a copy of that appellate record to introduce into evidence, and that the trial court "received" it into evidence. It appears, however, that the appellate record was never marked as an exhibit and tendered to the

court reporter. Therefore, that appellate record has not been made an exhibit in the reporter's record in this appeal.

Rule of Appellate Procedure 34.6(e) provides:

(e) Inaccuracies in the Reporter's Record.

    (1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

    (2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must--after notice and hearing--settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

    (3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

TEX. R. APP. P. 34.6(e).

We conclude that this appeal should be abated and that the trial court should hold a hearing to address this issue and, if so determined, receive the appellate record as an exhibit to be filed in a supplemental reporter's record.

The hearing shall be held within 21 days of the date of this order, and a supplemental reporter's record, if any, shall be filed no later than 14 days after the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed April 21, 2016
Do not publish

